■     ROSE CARRANO et al., Respondents, v. EDWARD J. HABOUSH et al., Appellants. EDWARD J. HABOUSH, Third-Party Plaintiff-Appellant, v. ALBERT HEYMEN et al., Third-Party Defendants-Respondents.—In a negligence and medical malpractice action, the appeal is from a judgment of the Supreme Court, Kings County, entered May 27, 1968, (1) in favor of plaintiffs against defendants and in favor of third-party defendant Heyman against third-party plaintiff Haboush, upon a jury verdict, and (2) in favor of third-party defendant Goldstein against third-party plaintiff Haboush, upon the trial court's dismissal in favor of Goldstein. Judgment modified, on the law, by striking therefrom the first two decretal paragraphs, which are in favor of plaintiffs against defendants, and granting a new trial of the action by plaintiffs against defendants, with costs as to them to abide the event; and the action against defendants accordingly severed from the third-party actions. As so modified, judgment affirmed, with costs to the third-party defendants against the third-party plaintiff. The findings of fact below have not been affirmed. The basis for this action was that a sponge was left in plaintiff wife's back during the course of an operation performed by defendant Haboush at defendant hospital. One of the defenses advanced by defendant Haboush was that the proof was equally consistent with a showing that the sponge was left behind in one of two subsequent operations performed on plaintiff by third-party defendant Heyman, who eventually removed the sponge in his third operation, and that any finding that Haboush left the sponge would be highly speculative. The basis for Haboush's third-party claim against Heyman was that the latter's treatment contributed to plaintiff wife's damages. In the charge to the jury in the main action, the trial court stated: " At this point, I charge you that there has been no competent proof adduced in this case that Dr. Heyman left a sponge in Mrs. Carrano's back. As a matter of fact, it has been conceded by Mr. Turkewitz [counsel for Haboush] in argument before the Court and also in his summation to you." No such concession was ever made by counsel. Counsel had merely emphasized the fact that the basis for the third-party claim against Dr. Heyman was not that Dr. Heyman had left the sponge in. This was neither an admission nor an inconsistency, for in order for the jury to even consider the third-party action, there would first have to be a determination that Dr. Haboush was liable in the main action. The charge by the trial court was tantamount to directing a verdict for plaintiffs. Furthermore, we have reviewed the record and determined that there was competent evidence to support a conclusion that the proof was just as consistent with a finding that Dr. Heyman had left the sponge in as it was that Dr. Haboush had left it in, albeit that the jury, on the basis of the evidence, could have found that the sponge was left in during the Haboush operation. By its charge, the trial court improperly precluded the jury from considering this alternative. It was also error for the trial court to allow plaintiffs to amend their bill of particulars so as to allege loss of earnings far in excess of the amount claimed in the original bill (*Flatow* v. *International Term. Operating Co.*, 29 A D 2d 952). However, since a new trial is being granted, plaintiffs, upon proper application to the Special Term, should be allowed to so amend their bill of particulars and defendants should be permitted

to examine on this additional claim prior to trial. Christ, Acting P. J., Brennan, Hopkins, Munder and Kleinfeld, JJ., concur.